OLIVER J. BAILEY

*v.*

THOMAS B. SMITH.

*Opinion filed February 17, 1899.*

TAX DEEDS—*notice by purchaser must specify kind of tax for which land was sold.* The notice required by section 216 of the Revenue act (Rev. Stat. 1874, p. 893,) to be given by the purchaser of land at tax sale to the owner before he is entitled to a deed, must show whether the land was sold for general taxes or special assessments.

APPEAL from the Circuit Court of Adams county; the Hon. J. C. BROADY, Judge, presiding.

This is an action of ejectment brought by appellant, against appellee, in the circuit court of Adams county, to obtain possession of certain lands in that county and in the Indian Grave drainage district, to which lands appellant claims title under a tax deed issued in pursuance to a tax sale on June 2, 1894. A jury was waived by agreement and the case was tried by the court at the March term, 1897, resulting in a judgment for appellee. Appellant paid the costs and took a new trial under the statute, and at the June term, 1898, at a trial by the court, judgment was again rendered in favor of the appellee and against appellant for costs. From that judgment this appeal is now prosecuted.

G. EDMUNDS, for appellant.

JAMES N. SPRIGG, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It appears from a stipulation on file that the tax deed offered in evidence by appellant in support of his claim to possession of the lands in question was given under a sale for delinquent special assessments in the Indian Grave drainage district; that all State and county taxes had been paid in full, and that only the special assess-

ments for the years 1892 and 1893, and the costs accrued thereon, were delinquent.

The chief defense interposed to appellant's action is, that the notice given by him, in attempted compliance with section 216 of the Revenue act, is defective, in that it fails to show whether the lands in question were sold for delinquent general taxes or for delinquent special assessments. The notice with reference to this land is as follows:

"That at said sale on June 2, 1894, I purchased eighty acres, N. ½ N. W. qr. sec. 26, township 1, north of range 9, west, in Adams county, Illinois, for the taxes, special assessments, interest and costs due thereon for the years 1892 and 1893, respectively, which tract was taxed for each of said years in the name of T. B. Smith, and was specially assessed in the name of James Mulligan by order of the county court of Adams county, Illinois, confirming the first assessment of the Indian Grave drainage district, entered April 20, 1880, and that said tract was also specially assessed in the name of James Mulligan by order of the county court of Adams county, Illinois, confirming the second assessment of the Indian Grave drainage district of Adams county, Illinois, entered October 3, 1881, upon which two assessments installments of interest were due, assessed by the commissioners of said drainage district in the name of Tom B. Smith, for the years 1892 and 1893, respectively, one for the year 1892, due September 1, 1892, and one for the year 1893, due September 1, 1893; and also assessment of said drainage district for annual amount of benefits thereon for repairs, called repair tax, assessed by said commissioners in the name of Tom B. Smith for the year 1893, due September 1, 1893, for the year ending with the July term, 1894, of said county court, and that the time of redemption from said sale will expire with June 2, 1896."

It will be seen that the notice is for "taxes, special assessments, interest and costs," while the land was sold

for special assessments only. It has been repeatedly held by this court, in considering this statute, that the notice required by section 216 above referred to must show for what the lands were sold,—whether for general taxes or for special assessments. (*Gage* v. *Waterman,* 121 Ill. 115; *Stillwell* v. *Brammell,* 124 id. 338; *Gage* v. *DuPuy,* 137 id. 652. See, also, *Gage* v. *Bani,* 141 U. S. 344.) It is unnecessary to enter into an extended discussion of the notice in this case, but we are satisfied that a careful examination of it does not relieve one from doubt as to whether appellee's lands were sold for general taxes or for special assessments. The title to be made under a tax deed is *stricti juris.* All the requirements of the statute must be clearly and strictly complied with. We think the notice in this case defective.

The disposition of this point makes it unnecessary to consider other questions urged on this appeal.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*