In re the Application of Paul T. Soldwedel, County Treasurer and Ex Officio Collector of Taxes, for Judgment and Order of Sale for Taxes and Special Assessments of Delinquent Lands and Lots, and for Judgment Fixing the Correct Amount of Any Tax Paid Under Protest, in the County of Tazewell and State of Illinois.

Marguerite Hunt, Petitioner-Appellant, v. Clarence C. Short, et al., Defendants-Appellees.

Gen. No. 66–86.

Third District.

April 14, 1967.

Moehle, Moehle & Reardon, of Pekin, for appellant.

John A. Slevin, of Peoria, for appellees.

STOUDER, P. J.

Appellant, Marguerite Hunt, executor of the estate of Verne Reed, petitioned the Circuit Court of Tazewell County under section 72, chapter 110, Ill Rev Stats 1965, hereinafter referred to as sec 72, to set aside and vacate an order for tax deed and the deed issued pursuant to such order in favor of Appellees, Clarence Short and Franklin Hess. Verne Reed, during his lifetime, owned the premises which are the subject of this proceeding and which were sold for nonpayment of general real estate taxes. Redemption from such tax sale not having been made, application was made for a tax deed which deed was ordered in the customary form including the usual jurisdictional findings. Appellant's petition, filed eleven months after the entry of the order for tax deed,

alleged numerous grounds for vacating the order, including two paragraphs with respect to the insufficiency of notice to a mortgagee. Appellees moved to strike the two paragraphs concerning notice to the mortgagee which motion was allowed by the trial court. The court then proceeded to hear evidence concerning the other allegations of the petition which resulted in a ruling adverse to Appellant. Only the trial court's ruling on the motion to strike is before us on this appeal, no assignment of error being urged with respect to other rulings of the trial court.

The paragraphs of the petition which were stricken by the trial court are as follows, "9. That the Commercial National Bank of Peoria, Illinois, is the assignee of a mortgage executed by Verne Reed, deceased, to Mid City Construction Company, as is set forth in a copy of said mortgage and assignment, which is attached hereto and made a part hereof and marked "Exhibit C"; that said mortgage and assignment was recorded in the Recorder's Office of Tazewell County, Illinois, on March 18, 1959, and is recorded in Volume 600, pages 266 and 267 therein.

"10. That the said Commercial National Bank was not made a party to the proceedings to secure the issuance of said Tax Deed as appears from the record herein; that the said Commercial National Bank is a necessary party." The motion to strike was directed solely at the aforementioned paragraphs 9 and 10 and alleged that such paragraphs were insufficient as a matter of law to support relief under sec 72.

On this appeal Appellant insists that the allegations of paragraphs 9 and 10 are legally sufficient in that the facts stated supported the conclusion that the order for tax deed was void and that the failure of the record to show notice to a mortgagee is an error of fact which if brought to the attention of the trial court would have prevented the entry of the order.

181

Section 263 of the Revenue Act (Ill Rev Stats 1951, c 120, § 744) in describing the persons to be notified before a tax deed shall be ordered, includes mortgagees and by virtue of such section, the Commercial National Bank was entitled to notice. Assuming as we must from such petition that the record fails to disclose specific notice to such mortgagee, the question remains whether relief may be afforded under sec 72 more than 30 days after the entry of the tax deed order upon the request of the owner of the premises.

 The trial court had jurisdiction of the subject matter and acquired jurisdiction of the land in question in this proceeding by publication in the county collector's application for judgment and sale of delinquent lands, and retained jurisdiction to enter order for issuance of deed and writ of assistance, upon proof of notice as provided in section 263 of the Revenue Act. (Ill Rev Stats 1955, c 120, par 744.) Cherin v. R. & C. Co., 11 Ill2d 447, 143 NE2d 235. It is well settled that upon an appropriate showing, relief from an order for tax deed is available under sec 72. Freisinger v. Interstate Bond Co., 24 Ill2d 37, 179 NE2d 608 and People ex rel. Wright v. Doe, 26 Ill2d 446, 187 NE2d 222. From such cases it can be concluded that fraud is an appropriate basis for considering relief under sec 72. It is equally clear from such cases that issues once litigated may not be relitigated, fraud being deemed such an exceptional circumstance that the interposition of the equitable power of the court is required. Urban v. Lois, Inc., 29 Ill2d 542, 194 NE2d 294 and Southmoor Bank & Trust Co. v. Willis, 15 Ill2d 388, 155 NE2d 308. In Urban v. Lois, supra, a mortgagee of record sought relief under sec 72 alleging fraud and also that notice was not given to him. The court ruled that there was no evidence of fraud and further, that even though the petitioner as a mortgagee of record was entitled to notice, the failure to give him notice in the absence of

fraud was insufficient to warrant relief under sec 72. We believe that the principle of the Urban case is applicable to the facts of this case. When it is claimed there is no notice to a mortgagee of record and where no allegations of fraud are made, it is immaterial whether such claim be made by the mortgagee as in the Urban case or by the owner of the premises as in the instant case. Likewise, although the court in Urban found that the mortgagee had actual notice, it did not predicate its opinion on such actual notice and in any event Appellant's paragraphs 9 and 10 do not allege absence of actual notice to the mortgagee.

For the foregoing reasons we believe that the trial court properly dismissed paragraphs 9 and 10 of the petition and the judgment of the Circuit Court of Tazewell County is affirmed.

Judgment affirmed.

ALLOY and CORYN, JJ., concur.