In the Matter of the Application of the County Treasurer for the Payment of General Taxes on the Year 1960 and Subsequent Years.

Edward G. Lampiris, et al., Petitioners-Appellants, v. Continental Title Co., an Illinois Corporation, Dennis F. O'Malley, et al., Respondents-Appellees.

Gen. No. 51,081.

First District, First Division.

June 26, 1967.

Reynolds, Harty & Reynolds, of Chicago (Richard B. Harty and John M. Giltinon, of counsel), for appellants.

Allan L. Blair and David R. Gray, of Chicago (Allan L. Blair, David R. Gray and Bruce M. Buyer, of counsel), for appellee, Continental Title Co.

A. E. Peterson and James C. Wickline, of Chicago, for appellees, Dennis F. O'Malley and Mary O'Malley.

Houtsma & Perel, of Chicago, for appellees, Joseph F. Bigane, Sr., and Edward J. Bigane.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

This is a tax deed proceeding, in which the trial court struck and dismissed a petition to set aside the tax deed. Petitioners appeal on the theory that their section 72 petition alleged facts which showed fraud in the failure to locate them and serve them with statutory notice of the tax sale and tax deed proceedings prior to the expiration of the redemption period.

On April 16, 1964, respondent, Continental Title Company, filed a petition for a tax deed in the Circuit Court of Cook County, in which it alleged it was the assignee of the purchaser of the subject vacant property at an annual tax sale held on March 9, 1962, and that it had complied with all statutory requirements, and prior to the date of the hearing of the petition it would comply with the notice provisions of sections 263 and 266 of the Revenue Act of 1939 (Ill Rev Stats, c 120, ¶ 744, § 263, ¶ 747, § 266).

At the hearing of the "Petition for issuance of tax deed," respondent, Continental Title Company, offered testimony, supported by an affidavit, that the record owners of the subject property, Andrew G. Lampiris and Edward G. Lampiris, could not be found. The affiant, in the affidavit, stated "that he examined the telephone directories for the City of Chicago and Suburban Cook County and found no listings for Andrew G. Lampiris and Edward G. Lampiris."

On October 22, 1964, the trial court entered an order directing issuance of a tax deed. The court found that the notices required by sections 263 and 266 of the Revenue Act had been duly served upon all persons and parties entitled thereto, and that "the Petitioner has fully complied with the requirements of the statutes and the Constitution of the State of Illinois relating to sales of real estate for taxes and the issuance of Tax Deeds pursuant thereto and is therefore entitled to a Deed of Con-

veyance vesting in it the fee simple title in and to the hereinafter described real estate and every part thereof."

On July 13, 1965, petitioners herein, Edward G. Lampiris and Andrew G. Lampiris, filed their petition to set aside the tax deed issued under the order of October 22, 1964. This petition was withdrawn, and on October 18, 1965, petitioners filed their second petition, in which they alleged that they are the owners of record of the subject premises, "Lot 11 in F. H. Bartlett's 87th Acres Subdivision . . . ," having acquired title on February 19, 1957; that prior thereto they had acquired the adjacent property, described as "Lot 12 . . ."; that subsequently, Lot 12 was divided by the County Assessor into "two separate taxable parcels"; that tax bills on Lot 12 had been forwarded to and paid by petitioners from year to year; that, through error, their names were not placed on the assessment roll as to "Lot 11," and no tax bills on this parcel were forwarded to them for payment, and "petitioners believed that taxes were being paid concurrently on both Lots 11 and 12 as the same accrued; whereas, in fact, payment was not being made on said Lot 11."

The Lampiris' petition further alleged that respondent, Continental Title Company, did not make a "diligent inquiry" required by the statute "for the following reasons":

"12. . . .

 (a) Petitioner Edward G. Lampiris has been listed in the local suburban phone book at his residence address since 1957 and has resided at said address, 2915 West 102nd Street, Evergreen Park, Illinois, in excess of nine years.

 (b) Petitioner Edward G. Lampiris is and was the assessee on the tax rolls of the adjacent parcel (Lot 12 as divided) and his

459

whereabouts could be ascertained from a cursory examination of the tax rolls. That petitioner Edward G. Lampiris had heretofore subdivided said Lot 12 and had recorded the plat of subdivision in the Recorder's Office of Cook County and his whereabouts could have been easily determined by examination of the requisite papers filed in the Office of the Recorder of Cook County.

"13. That petitioner Edward G. Lampiris has resided in the County of Cook in excess of twenty years and a 'diligent inquiry' as required would have located him for the purpose of personal service of the notice required pursuant to the cited provisions of the Rev Act, Sec 744.

"14. That petitioners have been engaged in the cement contracting business and remodeling business in Cook County in excess of twenty years and their whereabouts for personal service of process could have been easily ascertained by a due and 'diligent inquiry' by respondent Continental Title Company."

 We agree with petitioners that a motion to strike and dismiss admits the truth of all well pleaded facts in the pleadings of the opposing party, together with all fair inferences to be drawn therefrom. (Dryz v. Bol, 19 Ill App2d 406, 409, 153 NE2d 859 (1958).) However, a motion to dismiss does not admit conclusions or inferences drawn by the pleader, such as conclusions of law or fact unsupported by allegations of specific facts. In alleging fraud, the facts and circumstances should be set out clearly, concisely and with sufficient particularity to apprise the opposing party of what he is called upon to answer. (Aaron v. Dausch, 313 Ill App 524, 533, 40

NE2d 805 (1942).) We have examined this record in the light of these principles.

Petitioners contend that the telephone book search set forth in the affidavit of respondent's agent either was not made, or "if in fact such search was made that the Continental Title Co. deliberately overlooked the listing of Petitioners. In either of said cases the Affidavit of the Company is false and fraudulent and therefore subject to attack at any time." Petitioners also assert respondents did not make the "diligent inquiry" required under the statute and cited authorities, "because if such an inquiry had been made the whereabouts of the Petitioner would have been determined without any undue effort—by a cursory examination of the Phone Book, the Assessor's Tax Roll or by an honest effort to actually determine the place of residence of the Petitioners." (Shockley v. Good, 13 Ill2d 298, 148 NE2d 763 (1958).) Petitioners argue that, as freehold owners, they are entitled to a hearing on their allegations of negligence, fraud and conspiracy to conceal tax deed proceedings and the alleged failure to make diligent inquiry as to their whereabouts.

Respondent Continental contends that "in the trial court petitioners at no time claimed respondent procured the tax deed through the use of fraud. . . . Their sole claim was related to the degree of diligence used; there is no claim of fraudulent conduct on respondent's part in procuring the tax deed order. . . . It is only after filing briefs in this court that petitioners first contend fraud."

■ ■ We agree with respondent that a theory upon which a case is tried in a lower court cannot be changed on review. (Benson v. Isaacs, 22 Ill2d 606, 177 NE2d 209 (1961)), but we are not persuaded that the instant situation calls for the application of that rule. Our primary inquiry here is whether the petition to set aside

461

the tax deed alleged facts from which fraud is the necessary or probable inference. (Nechanicky v. Morton Park Federal Savings & Loan Ass'n, 32 Ill App2d 444, 447, 178 NE2d 197 (1961).) If there is no allegation of facts from which the conclusion of fraud necessarily results, this petition cannot be used "to relitigate any issue already passed on by the trial court" in the tax proceedings. Urban v. Lois, Inc., 29 Ill2d 542, 548, 194 NE2d 294 (1963).

■ We find nothing in the instant petition from which fraud "is the necessary or probable inference." At the most, the petition shows a failure to find one of the petitioner's names in a suburban telephone directory, and a failure to be aware that petitioners were prominent in the contracting and remodeling business. It is not disputed that "Lot 11" is vacant; that petitioners paid no taxes on it since it was acquired in 1957; and that the recorded deed of conveyance to them did not contain a mailing address.

■ We believe the recent pronouncements made by our Supreme Court in Zeve v. Levy, 37 Ill2d 404, 226 NE 2d 620, apply here. There it is said:

"It is clear that petitioner's failure to receive notice of the tax-deed proceedings does not, per se, entitle her to have the tax deed set aside. (Dahlke.) Nor does the fact that respondent's agent could have made more thorough inquiry and a more diligent search than he did necessarily establish fraud on the part of respondent in the absence of proof of wrongful intent or a pattern of deception."

■■ We do not believe the failure to find the name of Edward G. Lampiris in the suburban telephone books establishes "wrongful intent or a pattern of deception," a necessary element of fraud to entitle petitioners to have the tax deed set aside. Where a section 72 peti-

tion fails to state a cause of action or shows on its face that the petitioner is not entitled to the relief sought, it is subject to a motion to dismiss. Brockmeyer v. Duncan, 18 Ill2d 502, 505, 165 NE2d 294 (1960).

In view of the foregoing conclusion, we find it unnecessary to discuss or determine the merits of the contentions of the other respondents.

For the reasons given, the order of the Circuit Court is affirmed.

Affirmed.

BURMAN and ADESKO, JJ., concur.