ROBERT W. WELDON, Plaintiff-Appellant, *v.* DAVID J. EXLINE *et al.*, Defendants-Appellees.

(No. 71-245;

Second District—June 13, 1972.

*Rehearing denied July 21, 1972.*

Finn, Geiger & Rafferty, of Waukegan, (Fred A. Geiger, of counsel,) for appellant.

Richard D. Glickman, of Chicago, for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Robert W. Weldon appeals from an order of the Circuit Court granting a petition to vacate a tax deed issued to him.

On November 15, 1967, the Circuit Court of Lake County entered a judgment and order of sale for delinquent real estate taxes on the property in question, located in Wauconda, Illinois. On November 27, 1967, the property was purchased at public auction by Robert Weldon. The records of the Lake County Tax Assessor showed the property to have been last assessed for general taxes to a Robert I. Bourseau of 1225 E. Central Road, Arlington Heights, Illinois.

On July 25, 1969, Weldon filed a petition for the issuance of a tax deed. He sent notice to Bourseau by certified mail to the address shown in the tax records, but it was returned marked that Bourseau had moved and that the notice was not forwardable. He then undertook a search of the

records of the Recorder of Deeds and discovered that Bourseau had transferred his interest in the property by deed to David and Sally Exline. The only address shown on the deed was Cook County, Illinois. The deed indicated that it was to be mailed to the notary, Steven B. Stern, at 39 South La Salle Street, Chicago, Illinois 60603. Weldon searched the Voters Registration List of Lake County as well as telephone books for the City of Waukegan and City of Chicago, but found no listing for the petitioners. Pursuant to Sections 263 and 266 of the Revenue Act (Ill. Rev. Stat. 1969, ch. 120, pars. 744, 747), he caused notice, addressed to "Robert I. Bourseau, Davi(s) J. and Sally B. Exline, Truman G. Gerretsen, County Clerk, and unknown owners or parties in interest in the real estate" to be published in the Waukegan News-Sun on three occasions. This notice, in addition to advising the parties of the purchase and that the right of redemption would expire on November 28, 1969, also informed them that appellant would apply for a deed on December 5, 1969. No redemption being made, the Circuit Court on December 11, 1969, ordered a tax deed to issue, expressly finding that the Court had jurisdiction of the subject matter and parties, that all notices provided for in Sections 263 and 266 of the Revenue Act and been given, and that Weldon had complied with all provisions of law entitling him to a deed.

On December 10, 1970, the petitioners filed a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 72), seeking to vacate the tax deed proceedings. They alleged, among other things, that they had received no prior notice of the sale or issuance of the deed, and did not learn of them until September 10, 1970, when they visited the property and found a "For Sale By Owner" sign upon it; that Robert Weldon fraudulently failed to make the diligent inquiry required by Section 263 of the Revenue Act (Ill. Rev. Stat. 1969, ch. 120, par. 744) because he did not contact the Notary indicated on the Deed in order to learn the address of the petitioners, and did not check the North Suburban Telephone Directory of Cook County, in which the petitioners were listed. The Trial Court found that the failure of Weldon to contact the Notary established a wrongful intent on his part, and on June 7, 1971, ordered the deed vacated because of this "fraud".

Appellants initially argue that petitioners, in waiting approximately three months from the time they learned of the issuance of the tax deed until the time they filed their section 72 petition, did not exercise due diligence in bringing the petition.

■■ It is well established that one bringing a section 72 petition must demonstrate that due diligence was used in presenting it. (*Brockmeyer v. Duncan* (1960), 18 Ill.2d 502, 505; *Clark v. Brown* (1970), 121

Ill.App.2d 280, 288.) But it is equally well established that such a petition invokes the equitable powers of the court, as justice and fairness require. (*Elfman v. Evanston Bus Co.* (1963), 27 Ill.2d 609, 613; *Johnson-Olson Floor Coverings v. Branthaver* (2nd Dist., 1968), 94 Ill.App.2d 394, 397; *Clark v. Brown, supra,* at 289.) It appears here that the petitioners, upon learning of Weldon's interest, immediately contacted him in an effort to reacquire the property. Upon the failure of these negotiations, they contacted the Illinois State Bar Association, which recommended an attorney. After research was conducted by the attorney, this section 72 petition was brought. While the lapse of three months is a comparatively long period, it does not appear so unreasonable as to demand a finding that the petitioners were not diligent in bringing the petition. This is especially true in light of the fact that they did not discover the deed until after the thirty day appeal period had lapsed, and Weldon has not in any way changed his position so that he would be prejudiced by this delay.

 Having determined that the petition was timely, we must decide if the trial court was correct in granting the relief sought. This decision rests squarely upon the construction to be given Section 266 of the Revenue Act (Ill. Rev. Stat. 1969, ch. 120, par. 747),[1] pertaining to the conclusive effect of the order of the Circuit Court which expressly found that all required notices had been given. This Statute and its predecessors have been construed by the Supreme Court in a number of cases, which have established that Section 72 cannot be used to collaterally attack the findings of the Trial Court except where the record establishes fraud. (*Zeve v. Levy* (1967), 37 Ill.2d 404, 409; *Dahlke v. Hawthorne, Lane & Co.* (1966), 36 Ill.2d 241, 244; *Urban v. Lois, Inc.* (1963), 29 Ill.2d 542, 546-7; *Cherin v. The R. & C. Company* (1957), 11 Ill.2d 447, 453.) To prove the fraud required to sustain a section 72 petition to vacate a tax deed order, the petitioner must establish a wrongful intent or pattern of deception. *Zeve v. Levy, supra,* at 409; *Dahlke v. Hawthorne, Lane & Co., supra,* at 245.

It appears that Weldon did very little to discover the whereabouts of the petitioners, and his search was far from diligent. (*Shockley v. Good*

---

[1] Section 266 of the Revenue Act (Ill. Rev. Stat. 1969, ch. 120, par. 747) provides that "Tax deeds issued pursuant to this Section are incontestable except by appeal from the order of the court directing the county clerk to issue the tax deed. However, relief from such order may be had under Section 72 of the 'Civil Practice Act' \* \* \* in the same manner, upon the same grounds and to the same extent as may be had under that Section with respect to final orders, judgments and decrees in other proceedings and the court shall consider defenses relating to questions of the notices required by Section 263 and the proof presented in the hearing required by this Section \* \* \*."

(1958), 13 Ill.2d 298, 302-3.) Although he knew that petitioners lived in Cook County, his only exploration into that area was a search of the Chicago phone book. He overlooked all suburban directories, including the North Suburban book, where both the petitioners and he himself were listed. He further failed to contact the notary, whose address was listed on the deed. It would be presumed from a reading of the deed that since it was to be mailed to the notary, he would know the whereabouts of the petitioners.

■■ However, the failure to uncover a particular fact does not of itself indicate a lack of diligent inquiry or fraud. (*Dahlke v. Hawthorne, Lane & Co.* (1966), 36 Ill.2d 241, 246; *People v. O'Keefe* (1960), 18 Ill.2d 386, 392; *Village of Dolton v. First Nat'l Bank* (1957), 12 Ill.2d 435, 440.) And the fact that a more diligent inquiry could have been made does not establish fraud, in the absence of proof of a wrongful intent or a pattern of deception. (*Zeve v. Levy* (1967), 37 Ill.2d 404, 409; *In Re Application of County Collector* (1968), 101 Ill.App.2d 1, 5.) Section 266 itself states that it is to be liberally construed so that tax deeds shall convey merchantable title. (Ill. Rev. Stat. 1969, ch. 120, par. 747.) Neither appellant's failure to contact the notary nor his failure to look in the North Suburban phone book constitute fraud within the meaning of the cited cases; and the record contains no other evidence which would prove wrongful intent or a pattern of deception.

The judgment of the trial court is reversed.

Judgment reversed.

ABRAHAMSON and T. MORAN, JJ., concur.