(No. 45348.— ▮▮▮▮▮▮▮▮▮)

DAVID J. EXLINE *et al.*, Appellants, v. ROBERT W. WELDON, Appellee.

*Opinion filed March 29, 1974.—Rehearing denied May 31, 1974.*

WARD and GOLDENHERSH, JJ., dissenting.

Richard D. Glickman, of Chicago, for appellants.

Fred A. Geiger of Finn, Geiger and Rafferty, of Waukegan, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

The appeal involves proceedings in the circuit court of Lake County to set aside a tax deed issued to appellee, Robert W. Weldon, on December 11, 1969. Appellants, David J. Exline and his wife, filed a petition pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 72) in the circuit court seeking to vacate the order which directed issuance of the deed. Their petition

was allowed but the appellate court reversed. It held that appellee's actions in failing to notify appellants of the application for the deed did not constitute fraud, and, as such, the section 72 proceeding could not be sustained. (*Weldon v. Exline,* 6 Ill. App. 3d 74.) We granted leave to appeal.

The property at issue is vacant land located in Lake County. Appellants bought this property in January, 1966, from Robert Bourseau, and their deed was recorded. The real estate taxes accruing for the year 1966 were not paid and the property was sold to appellee in November, 1967, for $24.66, which represented the taxes due plus costs. On July 25, 1969, appellee filed a petition in the circuit court of Lake County requesting issuance of a tax deed. During the subsequent *ex parte* hearing on December 11, 1969, appellee testified as follows:

"I have caused to be served in the manner and within the time required by Sections 744, 745 and 747 of the Revenue Act of 1939, as amended [Ill. Rev. Stat. 1969, ch. 120, pars. 744, 745 and 747], a notice upon all persons whose names said real estate was last assessed and taxed for general taxes, upon the owner or parties interested in such real estate and upon the County Clerk of Lake County, Illinois.

A diligent search was made for parties interested in said property in Lake County, Illinois in the various telephone books, city directories, and voting lists, in an attempt to locate them. Interested parties were found in the County Records Office.

A notice was sent by certified mail, return receipt requested, to Mr. Robert I. Bourseau, 1225 E. Central Rd., Arlington Hts., Ill., and was returned by the Post Office with the indication, 'Unclaimed, Moved, not forwardable' as evidenced by exhibit attached hereto.

Notice was served upon parties by publication in the Waukegan News-Sun on the 25th, 26th and 27th day of August, 1969.

All general taxes and special assessments which became due and payable subsequent to the said sale have been paid by the *** [appellee] herein and there have been no forfeitures of said taxes nor subsequent sales of said taxes by virtue of non-payment thereof.

The last assessee to said property is in the name of Robert I. Bourseau. The time for redemption from said sale has expired on the 28th day of November, 1969, and that as of said date the real estate has not been redeemed from said sale.

Notices and other pertinent information are attached hereto as Exhibits A through G, inclusive."

The circuit court then ruled that all notices required by law had been properly given and ordered that a tax deed be issued to appellee.

On December 10, 1970, appellants sought to vacate the aforesaid order. Their section 72 petition alleged that they had only recently become aware that a tax deed had been issued; that they were the owners of record of the property, having taken title by a duly recorded warranty deed in 1966; that said deed indicated they were residents of Cook County; that their names were listed in a telephone directory which also contained listings for several municipalities of Lake County, including the town where the disputed property was situated; and that appellee did not comply with section 263 of the Revenue Act, as amended (Ill. Rev. Stat. 1969, ch. 120, par. 744), in affording notice to them of the tax-deed proceedings. Basically they contended that appellee had perpetrated a fraud upon the court in representing that the notice requirements of section 263 had been fulfilled.

Subsequent pleadings filed by appellants in support of their allegation of fraud additionally averred that appellee had failed to contact the party who had notarized the warranty deed and who was to receive the deed after it was recorded. The notary's affidavit attached thereto supported their claim that appellee had not contacted him, but it did not contain any allegation that the affiant knew appellants' address or could contact them.

Appellee's affidavit filed in response thereto alleged that he had checked the Lake County voter-registration files and the Waukegan and Chicago telephone directories. While the number of directories listing Cook County telephone subscribers was disputed, it is clear from the memoranda of the respective parties that at least four were available. Appellants claimed to have been listed in the "North Suburban Directory for Cook County."

The circuit court entered judgment in favor of the appellants based upon the pleadings and supporting memoranda. The appellate court reversed. It reasoned that although appellee had made less than a thorough, diligent attempt to locate appellants by failing to contact the notary or look in any suburban Cook County telephone directories, this lack of action failed to constitute evidence of wrongful intent or deception and was not fraudulent. 6 Ill. App. 3d at 77-78.

The pertinent portions of section 263 of the Revenue Act of 1939, as amended, provided that notice of tax-deed proceedings shall be served personally upon the owners of the subject real estate if by diligent inquiry they can be found in the county where the property is located. If such inquiry determined that the owners could not be located therein, then the tax-deed purchaser or assignee was required to notify them by registered or certified mail and notice was also to be placed in a newspaper published in the county of the situs of the property. Ill. Rev. Stat. 1969, ch. 120, par. 744.

Section 263 makes no mention of the necessity of

diligent inquiry where the owners, who cannot be located, do not reside within the county where the property is situated, as here. However, section 314 of the Revenue Act (Ill. Rev. Stat. 1969, ch. 120, par. 795) generally provides that all notices, which may be delivered by mail, shall be sent to the residence or business address of the party, if by reasonable effort the address can be determined. It would therefore appear that while section 263 does not speak to the standard of inquiry applicable to appellants, some degree of investigation may be necessitated dependent upon the circumstances of each case, and the briefs filed herein do not imply that such interpretation would be improper.

In relevant part section 266 of the Revenue Act of 1939, as amended, provided:

> "*** Tax deeds issued pursuant to this Section are incontestable except by appeal from the order of the court directing the county clerk to issue the tax deed. However, relief from such order may be had under Section 72 of the 'Civil Practice Act', *** in the same manner, upon the same grounds and to the same extent as may be had under that Section with respect to final orders, judgments and decrees in other proceedings. This Section shall be liberally construed so that tax deeds herein provided for shall convey merchantable title. ***" Laws of 1970, pp. 663-64, Pub. Act 76—2329, effective July 1, 1970.

The sole issue advanced by appellants is whether the acts or omissions of appellee were fraudulent and were part of a pattern of deception designed to deprive them of their property. In support of their position they rely upon appellee's failure to contact the party who notarized the warranty deed in an effort to ascertain their whereabouts. They contend that examination of the hearing transcript pertaining to the issuance of the tax deed, as previously set forth, is couched in generalities and does not disclose that appellants were even mentioned as the owners of the property nor does it indicate any specific attempt by

appellee to serve them other than by publication. They maintain that appellee's acts of omission, that included his failure to check the directory in which their telephone number and address were listed, clearly indicate that he made no reasonable attempt to locate them and establish a pattern of deception. As such, they conclude that fraud existed which permits them to collaterally attack the validity of the tax deed by section 72 proceedings.

The history of litigation dealing with the sale of tax-delinquent property prior to the 1951 amendments to the Revenue Act is set forth in *Cherin v. The R. & C. Co.*, 11 Ill.2d 447, 451-53, and has often been reiterated in subsequent decisions of this court (*e.g.*, *Urban v. Lois, Inc.*, 29 Ill.2d 542; *Shuck v. Guarantee Bank and Trust Co.*, 26 Ill.2d 123). In speaking of the post-1951 tax-deed provisions we said in *Zeve v. Levy*, 37 Ill.2d 404, at page 409, "that findings of the court before which the tax-deed proceedings are held pursuant to section 266 of the Act may not be collaterally attacked except as provided by section 72 of the Civil Practice Act [citation] which affords relief from final judgments, orders and decrees [citations], and that relief thereunder is available upon proof of fraud." This construction was adopted in order to advance the legislative intent expressed in section 266 that merchantable title would be conveyed by a tax deed. See *Cherin v. The R. & C. Co.*, 11 Ill.2d 447, 455.

The concept of fraud "implies a wrongful intent—an act calculated to deceive." (*Dahlke v. Hawthorne, Lane & Co.*, 36 Ill.2d 241, 245.) The failure to attain knowledge concerning certain facts is not necessarily indicative of a lack of diligent inquiry (*Village of Dolton v. First National Bank of Blue Island,* 12 Ill.2d 435, 440); and, even if a more persistent effort could have been made in the conduct of the search and inquiry, this is not proof of fraud unless there exists evidence of wrongful intent or a deceptive design. (*Zeve v. Levy,* 37 Ill.2d 404, 409.) Decisions of this court have upheld the validity of the

tax-deed proceedings under varying circumstances. Analyzing the diverse factors in each is unnecessary. It is sufficient to note that the burden is upon the owner to establish the invalidity of the procedure. (*Cf. People ex rel. Wright v. Doe.,* 26 Ill.2d 446, 451.) Applying the aforementioned criteria to appellants' contentions, we find that they have not sustained their burden.

We need not consider appellee's failure to contact the party who notarized the warranty deed in the absence of an allegation in the notary's affidavit that he knew appellants' location. Nor is their contention persuasive that the hearing conducted upon the petition for issuance of the tax deed necessarily evidences appellee's intent to deceive the court. His testimony, at times, may be characterized as ambiguous rather than inaccurate. Attached to his petition were exhibits including the notice by publication specifically identifying appellants as interested parties to the property at issue. While appellants contend that no notice to them was attempted other than by publication in a Lake County newspaper, as required by section 263, they have not convincingly established that failure to effectuate another mode of service demonstrates a pattern of deception. They merely claimed that they were residents of Cook County. Their memorandum in support of the section 72 petition asserted that they were listed in a north-suburban telephone directory which was one of many published for the metropolitan area. Appellee, in response, claimed that he had checked the listings in Chicago, which is the largest urban unit within Cook County. His failure to inspect the remaining telephone directories, which list many of that county's telephone subscribers, is no more indicative of deception than was the failure to check the Torrens records in *Shapiro v. Hruby,* 21 Ill.2d 353.

Appellants apparently permitted nearly 4 years to elapse from the date of their purchase before they realized that real estate taxes were to be paid on their property,

and no reasonable explanation was offered for nonpayment. While appellee has conceded that a more thorough inquiry might have been made, we conclude that the present record has failed to set forth the quantum of proof that would establish fraud and defeat the intent of the legislature to convey merchantable title to tax-deed purchasers. Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE WARD, dissenting:

The majority's holding that the tax-deed buyer's conduct satisfied the statutory requirements is unacceptable to me.

The appellants purchased the property from Bourseau on January 15, 1966, and the deed they received, which was recorded, stated they were residents of Cook County. The name of Steven B. Stern, 39 South LaSalle Street, Chicago, appeared on the deed as the notary and as the person to whom the deed was to be mailed after recording. The appellants provided attorney Stern's affidavit, which was to the effect that no inquiry had been made of him by the tax-deed buyer as to the appellants' address. The buyer did not challenge the truth of the affidavit. The majority does not say that this knowledge of the appellants' attorney's name and address imposed any responsibility on the tax-deed buyer in the exercise of good faith and diligence to make inquiry of the attorney as to the property owners' address. Rather the majority states: "We need not consider the appellee's failure to contact the party who notarized the warranty deed in the absence of an allegation in the notary's affidavit that he knew appellants' location." Presumably the majority is saying that its treatment of the case might be different had the attorney superfluously and unnecessarily (to me) added that his file contained the address of his clients.

I consider the trial court's holding that the tax-deed

buyer had a responsibility to make inquiry of the attorney was correct.

The failure of the tax-deed buyer to advise the court, when he testified at the *ex parte* hearing on his petition for a tax deed, that Bourseau had conveyed the property to the appellants to me furnishes additional ground for holding in favor of the appellants.

MR. JUSTICE GOLDENHERSH joins in this dissent.