*In re* APPLICATION OF COOK COUNTY TREASURER.—(CENTRAL NATIONAL BANK, Trustee, Petitioner-Appellee, *v.* JOCELYN CONGUA, Respondent-Appellant.)

First District (4th Division)    No. 80-2087

Opinion filed September 10, 1981.

JOHNSON, J., dissenting.

Herbert Lesser, of Chicago, for appellant.

James A. Regas, of Chicago, for appellee.

Mr. PRESIDING JUSTICE ROMITI delivered the opinion of the court:

The respondent appeals from an order of the trial court setting aside a tax deed. The sole issue is whether the tax deed was obtained by fraud because the sheriff served the wrong person and his return, which was relied upon in the proceedings to issue a tax deed, indicated the correct person had been served. We find no fraud and reverse.

The petitioner, Central National Bank, was until 1975 the owner of the subject property under a land trust. On December 31, 1975, the property was sold for failure to pay 1974 taxes, to respondent's assignor. Under section 263 of the Revenue Act (Ill. Rev. Stat. 1975, ch. 120, par. 744), a purchaser or assignee shall not be entitled to a tax deed to the premises sold unless not less than 3 months nor more than 5 months prior to the expiration of the period of redemption (from 2 years after the date of sale to not more than 3 years from the date of sale) he shall give notice of the sale and date of expiration of the period of redemption to the owners, occupants and parties interested in the premises. Where, as here, the property was vacant and the owner could be located in the county, the purchaser or its assignee was required to personally serve the owner with notice. The purchaser or its assignee was also required to deliver to the clerk of the circuit court a form directing that notice be served by certified mail, return receipt requested. If the owner or interested persons could not be ascertained or located, then service by publication was required. In 1976 the statute was amended to provide that the personal service was to be made "by causing it to be served by a sheriff."

On June 7, 1978, respondent filed its petition for a tax deed. Thereafter, it caused service to be made upon petitioner by the sheriff pursuant to section 263 of the Revenue Act, as amended. The sheriff's return form indicated Central National Bank was personally served on July 12, 1978, 9:35 a.m., service being made upon B. E. Sodergren (also spelled Rodergren on the return). Petitioner was also served by certified mail, the postal receipt being signed by petitioner on July 26, 1978. Finally, notice was published three times in the Chicago Daily Law Bulletin. Thereafter the respondent filed an affidavit indicating those facts including that it had caused the sheriff to serve a written notice upon petitioner—notice being left with E. Rodergren. At the November 15, 1978, hearing on the petition for a tax deed, it was again stated that petitioner was "personally served as shown in the affidavit and the Sheriff's return." The trial court found that the period of redemption had expired, no redemption had been made, notice required by law had been served on all parties in interest and due diligence had been exercised in trying to locate and serve proper parties in interest. The court ordered the issuance of the tax deed.

Over a year later, on December 13, 1979, petitioner filed a section 72

(Ill. Rev. Stat. 1977, ch. 110, par. 72), petition to vacate the order directing the county clerk to issue a tax deed. In its petition, it alleged that the statement in the affidavit that the sheriff had made service was false and fraudulent and that there had never been an employee at petitioner's named E. Sodergren or E. Rodergren. It further alleged that this name was invented and fraudulently written on the return slip to avoid the statutory requirement of service. It further incorrectly alleged that it had not been served as required by statute and had not been aware of the pending petition and only learned of the proceedings shortly after October 8, 1979 (that petitioner was served by certified mail as required by statute and had notice is conclusively established by the record). Thereafter petitioner filed a motion for summary judgment on the grounds that the sheriff by error had served the wrong institution because of a mix-up of his papers and that the affidavit stating the sheriff had served petitioner was false. Petitioner in its motion did not allege or attempt to establish fraud. The sheriff's deposition indicated that the service "got mixed in with some other papers" and was served on Federal National Mortgage Association where E. Sodergren works. He did not serve Central. The trial court granted the motion, finding, *inter alia*, that:

> "b. this judgment is based upon the uncontradicted statement [of the deputy sheriff] concerning the alleged service of Notice upon [petitioner].
>
> * * *
>
> e. the failure of the Deputy Sheriff to serve [petitioner] resulting in an affidavit submitted [by respondent] for issuance of a Tax Deed stating that service was so made in reliance upon the Deputy Sheriff's return is tantamount to fraud."

Accordingly, it ordered that the order directing the issuance of a tax deed be vacated and respondent execute a deed reconveying the subject real estate to the county clerk.

I

■█ The property in question was sold on December 31, 1975. On September 30, 1976, the amendment to section 263 of the Revenue Act (Ill. Rev. Stat. 1977, ch. 120, par. 744), requiring that service be made by the sheriff and not by the purchaser himself, became effective. It was ruled in *In re Application of County Collector* (1978), 66 Ill. App. 3d 437, 383 N.E.2d 1224, *appeal denied*, that the law in effect at the time the certificate of purchase was obtained applies since the purchaser acquired a property right in the property at the time of the purchase. However, in this case not only have the parties assumed that the 1976 amendment applies, but the trial court in the 1978 proceeding was fully aware that respondent had elected to serve notice pursuant to the requirements of

the 1976 amended statute and found that proper service had been made. Since the court was fully aware of what method of service was employed and approved, its approval is binding. (*In re Application of County Treasurer* (1974), 20 Ill. App. 3d 291, 314 N.E.2d 300.) Accordingly, we hold that the rights of the parties here are governed by section 263 as amended in 1976.

## II

■■ ■ Petitioner contends that since no order for issuing the tax deed would have been given if the circuit court had been made aware that personal service had not been accomplished, the tax deed was properly set aside. Because this is not the proper test to be applied (*Dick v. Mitchell* (1968), 103 Ill. App. 2d 93, 242 N.E.2d 785, *appeal denied*), we need not decide if petitioner is correct in its contention that the sheriff's error if known to the court at that time would have precluded the issuance of the deed, despite the fact the petitioner had actual notice. A court should not direct the county clerk to issue a tax deed until it is satisfied that the requirements of the Revenue Act have been met. (*Smith v. D.R.G., Inc.* (1976), 63 Ill. 2d 31, 344 N.E.2d 468; *In re Application of County Collector* (1978), 66 Ill. App. 3d 437, 383 N.E.2d 1224, *appeal denied*; *Dick v. Mitchell* (1968), 103 Ill. App. 2d 93, 242 N.E.2d 785, *appeal denied*.) But once the deed is issued, it is, under section 266 of the Revenue Act (Ill. Rev. Stat. 1977, ch. 120, par. 747), incontestable except by direct appeal (*Smith v. D.R.G., Inc.* (1976), 63 Ill. 2d 31, 344 N.E.2d 468; *Dahlke v. Hawthorne, Lane & Co.* (1966), 36 Ill. 2d 241, 222 N.E.2d 465; *Urban v. Lois, Inc.* (1963), 29 Ill. 2d 542, 194 N.E.2d 294; *Farlow v. Oliver* (1963), 29 Ill. 2d 493, 194 N.E.2d 262), it being the purpose of the legislature to provide a method for obtaining merchantable title. (*Exline v. Weldon* (1974), 57 Ill. 2d 105, 311 N.E.2d 102; *Urban v. Lois, Inc.* (1963), 29 Ill. 2d 542, 194 N.E.2d 294.) Accordingly, once, as here, the time for a direct appeal has passed, a tax deed can only be set aside if the order directing the issuance of the deed was utterly void or if the circumstances were such as to warrant the application of section 72 of the Civil Practice Act. (*Farlow v. Oliver* (1963), 29 Ill. 2d 493, 194 N.E.2d 262.) An order is rendered void, not by reason of mere error or impropriety but by lack of jurisdiction by the issuing court of either the subject matter or the necessary parties. (*Farlow v. Oliver* (1963), 29 Ill. 2d 493, 194 N.E.2d 262.) It is well established that jurisdiction once acquired in a tax foreclosure action continues through the entire proceedings, including the order for a deed (*Smith v. D.R.G., Inc.* (1976), 63 Ill. 2d 31, 344 N.E.2d 468; *Urban v. Lois, Inc.* (1963), 29 Ill. 2d 542, 194 N.E.2d 294; *Farlow v. Oliver* (1963), 29 Ill. 2d 493, 194 N.E.2d 262; *In re Application of County Treasurer* (1974), 20 Ill. App. 3d 291, 314 N.E.2d 300), and the failure of an owner to receive

notice as required by sections 263 and 266 of the Revenue Act (Ill. Rev. Stat. 1977, ch. 120, pars. 744, 747) does not deprive the trial court of jurisdiction to order a tax deed. *In re Application of Dickey* (1978), 72 Ill. 2d 317, 381 N.E.2d 260.

This does not mean that a judgment obtained by deception cannot be questioned after the expiration of 30 days. If proceedings regular in form are tainted with fraud or coercion, the court is not helpless to grant relief. (*Remer v. Interstate Bond Co.* (1961), 21 Ill. 2d 504, 173 N.E.2d 425.) But before a tax deed can be set aside under section 72 of the Civil Practice Act, it must be established that the deed was procured by fraud. (*Smith v. D.R.G., Inc.* (1976), 63 Ill. 2d 31, 344 N.E.2d 468; *Dahlke v. Hawthorne, Lane & Co.* (1966), 36 Ill. 2d 241, 222 N.E.2d 465; *In re Application of County Collector* (1978), 66 Ill. App. 3d 437, 383 N.E.2d 1224, *appeal denied*; *In re Application of County Treasurer* (1974), 20 Ill. App. 3d 291, 314 N.E.2d 300; *Weldon v. Exline* (1972), 6 Ill. App. 3d 74, 284 N.E.2d 659, *aff'd* (1974), 57 Ill. 2d 105, 311 N.E.2d 102; *In re Application of County Collector* (1968), 101 Ill. App. 2d 1, 241 N.E.2d 641, *appeal denied*; *In re Application of County Treasurer* (1967), 84 Ill. App. 2d 456, 228 N.E.2d 269, *appeal denied*.) The burden of proof is upon the petitioner to prove by clear and convincing evidence and not merely suspicion (*Smith v. D.R.G., Inc.* (1976), 63 Ill. 2d 31, 344 N.E.2d 468; *In re Application of County Collector* (1978), 66 Ill. App. 3d 437, 383 N.E.2d 1224, *appeal denied*; *In re Application of Dickey* (1977), 51 Ill. App. 3d 697, 366 N.E.2d 511, *aff'd* (1978), 72 Ill. 2d 317, 381 N.E.2d 260), a "wrongful intent," an "act calculated to deceive" or a "deceptive design." *Smith v. D.R.G., Inc.* (1976), 63 Ill. 2d 31, 344 N.E.2d 468; *Exline v. Weldon* (1974), 57 Ill. 2d 105, 311 N.E.2d 102; *Dahlke v. Hawthorne, Lane & Co.* (1966), 36 Ill. 2d 241, 222 N.E.2d 465; *In re Application of County Collector* (1978), 66 Ill. App. 3d 437, 383 N.E.2d 1224, *appeal denied*; *In re Application of County Treasurer* (1974), 20 Ill. App. 3d 291, 314 N.E.2d 300; *In re Application of County Collector* (1968), 101 Ill. App. 2d 1, 241 N.E.2d 641, *appeal denied*; *In re Application of County Treasurer* (1967), 84 Ill. App. 2d 456, 228 N.E.2d 269, *appeal denied*.

■■ It follows, therefore, that in the absence of fraud, the failure to give an interested party the notice required by statute is insufficient to warrant relief under section 72 of the Civil Practice Act (*Smith v. D.R.G., Inc.* (1976), 63 Ill. 2d 31, 344 N.E.2d 468; *Zeve v. Levy* (1967), 37 Ill. 2d 404, 226 N.E.2d 620; *Urban v. Lois, Inc.* (1963), 29 Ill. 2d 542, 194 N.E.2d 294; *People v. Orth* (1961), 21 Ill. 2d 205, 171 N.E.2d 626; *People v. O'Keefe* (1960), 18 Ill. 2d 386, 164 N.E.2d 5; *In re Application of Soldwedel* (1967), 82 Ill. App. 2d 179, 225 N.E.2d 811), especially where, as here, petitioner had actual notice of the tax-sale proceedings during the redemption period. (*Smith v. D.R.G., Inc.* (1976), 63 Ill. 2d 31, 344 N.E.2d 468; *Urban*

*v. Lois, Inc.* (1963), 29 Ill. 2d 542, 194 N.E.2d 294; *People v. Orth* (1961), 21 Ill. 2d 205, 171 N.E.2d 626; *People v. O'Keefe* (1960), 18 Ill. 2d 386, 164 N.E.2d 5.) As stated in *People v. Orth* (1961), 21 Ill. 2d 205, 210-11, 171 N.E.2d 626, 628-29:

> "The notice required in the above-mentioned sections, therefore, is not such as to be an absolute condition precedent to the issuance of a tax deed. Rather, the foregoing sections outline a statutory procedure to be followed. * * *.
>
> * * * As we said in the case of *People v. O'Keefe*, 18 Ill. 2d 386, absolute perfection is not required in a tax foreclosure proceeding or in a petition for a tax deed, but, rather, it is only required that a reasonable opportunity be given to interested parties so that they may protect their interests."

In a tax deed proceeding, section 72 cannot, in the absence of fraud, be used to again put in issue questions previously passed upon by the trial court, such prior determination being conclusive upon all parties and immune from collateral attack. (*Smith v. D.R.G., Inc.* (1976), 63 Ill. 2d 31, 344 N.E.2d 468; *Dahlke v. Hawthorne, Lane & Co.* (1966), 36 Ill. 2d 241, 222 N.E.2d 465; *Urban v. Lois, Inc.* (1963), 29 Ill. 2d 542, 194 N.E.2d 294.) The trial court before ordering that the tax deed be issued found that "all notice as required by law has been given" and that determination is conclusive unless vitiated by fraud. (*Smith v. D.R.G., Inc.* (1976), 63 Ill. 2d 31, 344 N.E.2d 468; *Dahlke v. Hawthorne, Lane & Co.* (1966), 36 Ill. 2d 241, 222 N.E.2d 465; *Urban v. Lois, Inc.* (1963), 29 Ill. 2d 542, 194 N.E.2d 294; *People v. O'Keefe* (1960), 18 Ill. 2d 386, 164 N.E.2d 5; *In re Application of County Collector* (1978), 66 Ill. App. 3d 437, 383 N.E.2d 1224, *appeal denied*; *In re Application of County Treasurer* (1974), 20 Ill. App. 3d 291, 314 N.E.2d 300.) This is true even though the purchaser at the tax foreclosure sale could have exercised more diligence in complying with section 263 of the Revenue Act. (*Exline v. Weldon* (1974), 57 Ill. 2d 105, 311 N.E.2d 102; *Zeve v. Levy* (1967), 37 Ill. 2d 404, 226 N.E.2d 620; *In re Application of County Treasurer* (1967), 84 Ill. App. 2d 456, 228 N.E.2d 269, *appeal denied*.) In this context, it is worth noting that in 1967, section 266 of the Revenue Act was amended to provide that in reviewing an action brought under section 72 "the court shall consider defenses relating to questions of the notices required by section 263 and the proof presented in the hearing required by this section." This amendment was held in *In re Application of County Collector* (1972), 7 Ill. App. 3d 124, 287 N.E.2d 81, to create an additional ground for review. This clause was, however, deleted from the statute in 1970, thus clearly showing the legislature's intention that "defenses relating to questions of notice" not be, of themselves, sufficient grounds for setting aside a tax deed.

■■ The trial court in the present case held that "the failure of the Deputy Sheriff to serve the Central National Bank in Chicago resulting in an affidavit submitted by petitioner for issuance of a Tax Deed stating that service was so made in reliance upon the Deputy's Sheriff's return is tantamount to fraud." There is, however, absolutely no evidence to support a finding that either the deputy sheriff's conduct or the respondent's conduct, either singly or together constituted an act intended to deceive, a deceptive design or was due to a wrongful intent. It is undisputed that the deputy sheriff's error was due to mere negligence. (Accordingly, we need not and do not determine whether, in light of the fact that after the 1976 amendment the purchaser is required to make service through the sheriff, a sheriff's wrongful intent could be imputed to an innocent purchaser.) Petitioner contends that the affidavit was fraudulent since it stated that service had actually been made. It is clear, however, construing the affidavit in light of the statement at the 1978 hearing that the sheriff's return indicated that petitioner had been personally served, that respondent was not claiming to have actual knowledge of the service; nor was he warranting the accuracy of the sheriff's return. (Compare *Smith v. D.R.G., Inc.* (1976), 63 Ill. 2d 31, 344 N.E.2d 468.) The fact that the respondent relied on false information and repeated this false information to the court does not constitute fraud. (See *Zeve v. Levy* (1967), 37 Ill. 2d 404, 226 N.E.2d 620, where the purchaser relying on false information given him by the occupant stated in his affidavit that the owner lived in California, address unknown, whereas in fact she lived in Chicago.) It is true that the respondent could have investigated to be sure Sodergren (or Rodergren) was petitioner's agent but he was not required to do so. The mere failure to uncover a particular fact does not of itself indicate fraud. *Dahlke v. Hawthorne, Lane & Co.* (1966), 36 Ill. 2d 241, 222 N.E.2d 465; *People v. O'Keefe* (1960), 18 Ill. 2d 386, 164 N.E.2d 5; *Weldon v. Exline* (1972), 6 Ill. App. 3d 74, 284 N.E.2d 659, *aff'd* (1974), 57 Ill. 2d 105, 311 N.E.2d 102.

Petitioner relies on *In re Application of County Collector* (1975), 26 Ill. App. 3d 234, 325 N.E.2d 15, and *In re Application of County Treasurer* (1978), 67 Ill. App. 3d 122, 384 N.E.2d 729. Neither case is relevant. In *County Collector* no effort or inquiry of any kind was made to locate the owner. Not only was there no personal service, but he received no notice either by mail or by publication. In *County Treasurer*, the purchaser's sole witness at the hearing to obtain the tax deed, her former son-in-law, was a professional tax and title searcher. He lied to the court and concealed certain material information of which he had personal knowledge from the court. This information included the names and addresses of persons who should have been notified. The appellate court in affirming pointed out, citing *County Collector*, that where the deed contains information to

ascertain the truth concerning persons to be notified and the purchaser fails to notice it, there is sufficient evidence of bad faith to warrant concluding the deed was procured by fraud. In the present case, to the contrary, it is clear that the respondent not only was aware who should be served but did serve petitioner both by mail and by publication.

■■ To conclude, it is clear that under the current statute, once the deed is issued, a collateral attack on the judgment to have it set aside can only succeed if the judgment is void or if it was obtained by fraud. Conspiracy with the sheriff to issue a fraudulent return intending to deceive the court into believing personal service had been made would constitute fraud. Merely relying on the sheriff to make proper service as mandated by statute and relying on his return as proof of such service is not fraud. Any other result would defeat the legislative intent to create stability in tax titles and to convey merchantable title since under the present statute the purchaser is required to give service by causing it to be served by the sheriff.

■■ It must finally be noted that one bringing a section 72 petition must demonstrate that due diligence was used in presenting it. (*Weldon v. Exline* (1972), 6 Ill. App. 3d 74, 284 N.E.2d 659, *aff'd* (1974), 57 Ill. 2d 105, 311 N.E.2d 102.) In light of the fact that petitioner had actual notice of the proceedings at least from July 26, 1978, the date on which the certified letter was received and signed for, it is difficult to see how a petition filed on December 13, 1979, nearly 17 months later, can be said to be filed with due diligence.

The judgment of the trial court was entered upon petitioner's motion for summary judgment. However, since it is clear that under petitioner's pleadings and evidence no verdict could be entered for petitioner, we will not remand but simply reverse, dismiss the petition and enter judgment for respondent.

Reversed; petition dismissed; judgment entered for respondent.

JIGANTI, J., concurs.

Mr. JUSTICE JOHNSON, dissenting:

I respectfully dissent. This case differs from prior notice cases to the extent that the purchaser did not make false representations to the court but relied on the false statement of the sheriff in petitioning for the issuance of a tax deed. The majority finds that service by mail and publication are sufficient notice. We are faced with the unique question of what is to be the legal effect where the sheriff fails to comply with the provisions of the statute. The statute (Ill. Rev. Stat. 1977, ch. 120, par. 744) requires the sheriff to make personal service on a corporate party by

leaving a copy of the notice with the person designated by the Civil Practice Act and requires that a copy be mailed to the owner of record by certified mail.

The property concerned was vacant. The owner shown in the grantor-grantee index was Central National Bank as trustee under Trust No. 17897. Personal service was not made on an agent of Central National Bank. Service was made instead on a person named Sodergren or Rodergren at Federal National Mortgage Association. Despite this error, the sheriff's deputy filed an official return stating that personal service was made on the Central National Bank. Appellant contends that this was inadvertent, or error, not amounting to fraud. Appellant claims that he had a right to rely on the sheriff's return. That may be true. But, should appellant's reliance overrule the fact that it was based on an underlying document supplied by a third party which was false?

The courts have required strict compliance with the statute where land is sold for delinquent taxes (see *People v. Banks* (1916), 272 Ill. 502, 112 N.E. 269; *Clark v. Zaleski* (1911), 253 Ill. 63, 97 N.E. 272; *Bailey v. Smith* (1899), 178 Ill. 72, 52 N.E. 948; *In re Application of County Collector* (1973), 12 Ill. App. 3d 12, 297 N.E.2d 213), because once a tax deed is issued, it can only be challenged by direct appeal or by a proceeding brought under section 72, with the petitioner offering clear and convincing evidence of fraud. (*Smith v. D.R.G., Inc.* (1976), 63 Ill. 2d 31, 36, 344 N.E.2d 468, 470; *In re Application of County Collector* (1978), 66 Ill. App. 3d 437, 445, 383 N.E.2d 1224, 1232.) This is a heavy burden for a petitioner. It is only fair that those who rely on the conclusiveness of the tax deed should meet the burden of strict compliance.

In 1976 when the statute was amended, the responsibility of service was placed in the hands of a disinterested third party so as to remedy past abuses of whether in fact service had been made. I do not think, however, that the statute intended a lesser standard of compliance merely because the applicant for a tax deed was not the party personally responsible for service. I would affirm the judgment of the circuit court.