*In re* APPLICATION OF PAUL OLMSTEAD (Paul Olmstead, Petitioner-Appellee, v. GSH Enterprises, Ltd., *et al.*, Respondents-Appellants).

First District (3rd Division)    No. 1—93—1645

Opinion filed February 1, 1995.

Norman Hanfling, of Chicago, for appellants.

Claudia M. Graham and Rodney C. Slutsky, both of Chicago, for appellee.

JUSTICE CERDA delivered the opinion of the court:

Pursuant to section 266 of the Revenue Act of 1939 (Act) (35 ILCS 205/266 (West 1992)), petitioner, Paul Olmstead, purchased delinquent 1986-89 general real estate taxes on property located at 4352-58 West Madison Street and 7-13 North Kostner Street in

Chicago, consisting of seven stores designed and leased for retail use. Respondent, GSH Enterprises, Ltd. (GSH), an Illinois corporation, owns and operates a retail grocery and liquor business at 4356 West Madison Street pursuant to a lease executed between GSH and James Davis, the prior owner of the property.

After receiving a tax deed and making a demand for possession on all tenants, Olmstead filed a petition for possession on the basis that the issuance of the tax deed cancelled all existing leases relating to the property. GSH filed a motion in opposition, claiming that there was no basis for terminating its lease because it did not affect the merchantable title the tax deed conveyed to Olmstead. After a hearing, the trial court entered an order granting Olmstead possession of the leased properties.

On appeal, GSH asserts that its leasehold interest survives the issuance of the tax deed, which granted merchantable title to Olmstead. Not only is its lease a benefit to the property, GSH argues, but a retail store lease for a reasonable length at market rates freely negotiated between landlord and tenant is not a lien or encumbrance on the property. GSH contends that the legislature provided that the tax deed recipient receive merchantable title instead of allowing all leases to be cancelled by the issuance of a tax deed.

Olmstead responds that the lease was automatically cancelled by the issuance of the tax deed because the Act was intended to convey to the tax deed purchaser a title that is free and clear of all prior interests and claims. He contends that the lease lowers the property's market value, hinders its transferability, and opens it to the possibility of litigation.

Based on the following reasoning, we affirm.

■ In order to return tax delinquent properties to the tax rolls and to provide greater stability for tax deeds, the State legislature substantially revised the Revenue Act in 1951. (*In re Application of County Treasurer* (1982), 92 Ill. 2d 400, 406, 442 N.E.2d 216.) Section 266 was amended to provide that "this section shall be liberally construed so that tax deeds herein provided for shall convey merchantable title." (35 ILCS 205/266 (West 1992).) The purpose of the legislation relating to tax deeds is to provide a method for obtaining merchantable title (*In re Application of Cook County Treasurer* (1981), 100 Ill. App. 3d 534, 426 N.E.2d 997) so that the collection of real estate taxes will increase and land will be free to once again enter the stream of commerce (*Cherin v. R&C Co.* (1957), 11 Ill. 2d 447, 452, 143 N.E.2d 235). The legislature intended that a tax deed grant title free from any cloud that could affect the property's marketability and its successful return to the tax rolls. (*Cherin*, 11

Ill. 2d at 452.) The statute also gives the tax deed holder the right to possession. 35 ILCS 205/266 (West 1992).

■ Whether title to real estate is merchantable is a question of law for the court. (*Wilfong v. W.A. Schickedanz Agency, Inc.* (1980), 85 Ill. App. 3d 333, 337, 406 N.E.2d 828.) Merchantable title is a title that a reasonably prudent person would accept as not subject to doubt or cloud that would affect its market value. (*Jones v. Melrose Park National Bank* (1992), 228 Ill. App. 3d 249, 256, 592 N.E.2d 562.) While it is not perfect record title (*Wilfong*, 85 Ill. App. 3d at 337), it is title that is readily transferred and reasonably secure against litigation or flaws decreasing market value. *Jones*, 228 Ill. App. 3d at 256; *Wilfong*, 85 Ill. App. 3d at 337.

■ When a tax deed is conveyed pursuant to section 266, any prior existing liens become void. (*Lincoln Park Federal Savings & Loan Association v. DRG, Inc.* (1988), 175 Ill. App. 3d 176, 529 N.E.2d 771.) Although a lease is not an existing lien like a mortgage or a mechanic's lien, it is an encumbrance. A lease conveys a lesser interest than a deed and gives possession of the leased premises for the full term of the lease. *8930 South Harlem, Ltd. v. Moore* (1979), 77 Ill. 2d 212, 220, 396 N.E.2d 1.

Olmstead further argues that GSH, which received notice as an interested party, lost any interest it had in the property because it did not exercise its right to redeem the taxes. To support that argument, Olmstead relies on *People v. Cottine* (1959), 20 Ill. App. 2d 562, 156 N.E.2d 774, where the issue was whether an alleged lessee had received notice of the issuance of the tax deed. The court determined that the alleged lessee was estopped from asserting any rights it had under the statute because he had received notice.

Although *Cottine* did not address the issue of whether a leasehold interest interferes with a merchantable title, its reasoning is helpful. In this case, GSH received notice, did not redeem the taxes, and did not object to the issuance of the tax deed. Only when Olmstead sought possession did GSH involve itself.

*Cottine*, which treated the lease as a prior encumbrance on the property, held that the tax deed conveyed to the tax purchaser "a new and independent title, free and clear from all previous titles and claims of every kind and character. *** [The] alleged leasehold interest was foreclosed, and the tax purchaser took the deed free and clear of [that] claim." *Cottine*, 20 Ill. App. 2d at 572.

Since real estate taxes are a prior and first lien, superior to all other liens and encumbrances (35 ILCS 205/216 (West 1992)), we conclude that a tax deed grants title free of all other liens and encumbrances, including existing leases.

Accordingly, we affirm the circuit court judgment.

Affirmed.

GREIMAN, P.J., and RIZZI, J., concur.