(No. 37939.—

S. URBAN, JR., Appellee, *vs.* LOIS, INC., Appellant.

*Opinion filed November 26, 1963.*

ALLAN L. BLAIR and BRUCE M. BUYER, of Chicago, for appellant.

ALLEN S. PIERCE and MORRIS GOLDMAN, of Chicago, for appellee.

MAURICE W. SCOTT, of Springfield, for The Taxpayers Federation of Illinois, *amicus curiae*.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

This is a proceeding pursuant to section 72 of the Civil Practice Act to set aside two tax deeds brought by S. Urban, Jr., a mortgagee, against Lois, Inc., the holder of the tax deeds. The county court of Cook County set aside the tax deeds on the ground that Urban had not been personally served with notice of the petition for tax deeds. From this order the respondent, Lois, Inc., appeals directly to this court.

This appeal involves important questions relating to the scope of section 72 in tax-deed proceedings. This case was commenced upon the county collector's application for judgment and order of sale for 1958 delinquent general real-estate taxes. On July 7, 1960, pursuant to the judgment and order of sale of the county court, the subject property, which was owned by John and Melba Jones, was sold in two separate parcels to respondent's predecessor in title, Interstate Bond Company, for unpaid 1958 general real-estate taxes and certificates of purchase issued therefor. Normally, the two-year period of redemption from the above tax sale would expire two years from the date of sale or on July 7, 1962. The period of redemption, however, was extended to November 15, 1962, pursuant to section 263 of the Revenue Act (Ill. Rev. Stat. 1961, chap. 120, par. 744)

which authorizes the holder of the certificate of purchase to extend the period of redemption.

Because the property in question is registered under the Torrens system, sworn copies of the certificates of purchase were filed as memorials on the Torrens register, and all parties in interest were given notice thereof on June 20, 1961. In April, 1962, the owners of the property went to S. Urban, Jr., a real-estate broker, petitioner-mortgagee herein, and sought to borrow $2,000 to pay off debts, including delinquent taxes on their property. They brought in bills and tax bills that had to be paid and Urban agreed to pay them with the proceeds of the mortgage.

On April 14, 1962, the Joneses executed a $2,000 bearer installment note providing for interest at 6½% and payments of $60 a month, which note was secured by a trust deed to the real estate. The mortgage (trust deed) was filed with the registrar of titles on April 16, 1962.

On May 5, 1962, Urban ordered a tax search from the Torrens office and on May 24, 1962, received estimates of cost of redemption from the county clerk which showed that the property had been sold on July 7, 1960, to Interstate Bond Company, and which stated that the time allowed for redemption is two years from the date of sale.

On July 26, 1962, Urban gave the Joneses a closing statement on the $2,000 loan which showed pay-outs in the amount of $2,246.64, and an additional amount of $246.64 due to Urban. The statement included the sum of $1,171.23 for "tax bills to date," which admittedly have never been paid.

On June 18, 1962, prior to the issuance of Urban's closing statement, Interstate Bond Company, the original tax purchaser, filed petitions in the county court for orders directing issuance of tax deeds to the subject property. Pursuant to statute (Ill. Rev. Stat. 1961, chap. 120, par. 747) the petitions were filed as supplemental proceedings within

the county collector's application for judgment and order of sale for delinquent 1958 taxes.

Thereafter, on October 19, 1962, Urban's attorney sent a letter to the mortgagors, the Joneses, telling them that he was arranging to clear up the real-estate tax lien of Interstate Bond Company.

Subsequently, petitioner-mortgagee made inquiry to Interstate Bond Company as to the amount of the redemption price and on October 23, 1962, mailed Interstate a bank draft on his escrow bank account to redeem from the tax sales in question. After receipt of this check, Interstate phoned the mortgagee to let him know that the amount was insufficient to redeem from both tax sales which affected the property subject to his mortgage, and on November 1, 1962, he sent Interstate an additional check on his escrow account.

On November 6 Interstate deposited both checks for collection, but they were returned uncollected bearing the notation "non-sufficient funds". No further attempts at redemption were made by petitioner-mortgagee, and thereafter, on November 26, Interstate sold and assigned its certificates to respondent, who substituted in Interstate's place in the tax-deed proceeding.

On December 3, 1962, the county court entered orders finding that all notices required by law had been given and that respondent was entitled to tax deeds to the property in question. Although the time for appeal from the orders of December 3, 1962, had not yet expired, the mortgagee filed his petition pursuant to section 72 of the Civil Practice Act to set aside the tax deeds on January 14, 1963, claiming that he was not personally served with notice of the tax sales in question. No fraud was charged in this petition. Thereafter, on March 21, 1963, petitioner-mortgagee filed an amended petition charging Lois, Inc. with fraud in the procurement of the tax deeds.

After a hearing on the merits, the trial court expressly

found that no fraud had been perpetrated by respondent in the procurement of the tax deeds or at any other time in the tax-deed proceeding. However, the trial court set the tax deeds aside on the grounds that S. Urban, Jr., the mortgagee, had not been personally served with notice. It is this order which forms the basis of the present appeal.

The respondent Lois, Inc., insists that the trial court had jurisdiction to issue the tax deeds in question, and that such deeds were incontestable except by direct attack unless grounds exist for the application of section 72. Since the trial court found no fraud existed, Lois, Inc., claims section 72 is inapplicable. Respondent also argues that Urban is bound by the doctrine of *lis pendens,* and that his conduct bars him from equitable relief.

Urban, however, contends that the tax deeds were totally void and the county court was without jurisdiction to order their issuance. He therefore claims that section 72 is an appropriate remedy to set the tax deeds aside.

We turn first to the basic question of jurisdiction and the office of section 72. We think it clear that the entire tax-sale proceeding is one *in rem* rather than *in personam.* (*People ex rel. Astle* v. *Chicago and Eastern Illinois Railway Co.* 315 Ill. 536, 539; *People ex rel. Thaxton* v. *Coal Belt Electric Railway Co.* 311 Ill. 29, 33.) It is the jurisdiction over the land itself, acquired in the original application for judgment and order of sale that gives to the county court the power to act. (*Shapiro* v. *Hruby,* 21 Ill.2d 353, 358; *Cherin* v. *The R. & C. Company,* 11 Ill.2d 447, 454.) Once acquired the county court retains jurisdiction to make all necessary findings and enter all necessary orders supplemental to the original tax sale. We, therefore, hold that the county court had jurisdiction to enter its order of December 3, 1962, finding all notices required by law had been given and directing the issuance of tax deeds to Lois, Inc. (*Cherin* v. *The R. & C. Company,* 11 Ill.2d 447; *People* v. *Altman,* 9 Ill.2d 277.) Such order could thereafter be attacked only by direct ap-

peal or by appropriate proceedings under section 72 of the Civil Practice Act.

Our holding in *People* v. *National Builder's Bank of Chicago,* 10 Ill.2d 121, cited by Urban, is consistent with this conclusion. In that case we upheld the issuance of the tax deed, but held that the failure to serve notice on an interested party pursuant to the provisions of the Torrens Act, (Ill. Rev. Stat. 1953, chap. 30, par. 120) deprived the court of jurisdiction to order the issuance of a new Torrens owner's certificate of title under the special provisions of that act. We made it clear in that case, and in its sequel, *People* v. *National Builders Bank of Chicago,* 12 Ill.2d 473, that our decision did not affect the validity of the tax deed.

Despite the fact that the trial court did have jurisdiction to order the issuance of tax deeds in this case, it does not follow that the order is immune from attack after 30 days. However such attack is limited to one for proper grounds under section 72. (*Southmoor Bank and Trust Co.* v. *Willis,* 15 Ill.2d 388, 394). In *Remer* v. *Interstate Bond Co.* 21 Ill.2d 504, we held that a petition containing proper allegations charging fraud in connection with a tax-deed proceeding was entitled to a hearing under section 72 of the Civil Practice Act.

In the recent case of *People ex rel. Wright* v. *Doe,* 26 Ill.2d 446, a section 72 petition was filed which alleged that an affidavit filed in the tax-deed proceeding to the effect that notice had been served on one Myrna Brandow was fraudulent and we held that the petition contained sufficient allegations of fraud to require a hearing.

In the present case, Urban's amended petition alleged that the testimony upon the hearing for the issuance of the tax deeds in question was fraudulent. After a full hearing, however, the trial court specifically found that no fraud had been committed by respondent in the procurement of the tax deeds or at any other time in the tax-deed proceedings. This finding is not disputed by Urban,

and we believe it is supported by the record. An affidavit was filed in the proceeding for the issuance of tax deeds purporting to show the persons interested in the premises and service thereon. While it is now apparent that Urban had an interest and was not served, there is no indication that the affidavit and the testimony based upon it was not in good faith. It is also clear that Urban knew of the tax sales and the time for redemption and that respondent's predecessor gave Urban every opportunity to redeem the property. Indeed the only reason for the failure to redeem was the apparent diversion of the mortgage funds from Urban's trust account, resulting in an ineffective attempt at redemption by checks returned because of insufficient funds.

Since no fraud has been shown, we are faced with the question of whether the trial court's prior finding "all notice as required by law has been given," can be attacked by a section 72 petition on the ground of error.

It has been well established in tax-deed proceedings that section 72 cannot be used as a vehicle to relitigate any issue already passed on by the trial court, in the absence of fraud. (*Remer* v. *Interstate Bond Co.* 21 Ill.2d 504, 510; *Shapiro* v. *Hruby,* 21 Ill.2d 353, 358; *Southmoor Bank and Trust Co.* v. *Willis,* 15 Ill.2d 388, 395.) As we stated in *Allen* v. *Nettleton,* 6 Ill.2d 141, 147: "While section 263 of the Revenue Act regarding the giving of notices must be complied with, a finding that such notices were duly given cannot be disputed in a collateral proceeding."

Such a conclusion is necessary to give effect to the 1951 amendments to the Revenue Act which provided that "Tax deeds issued pursuant to this section shall be incontestable except by appeal from the order of the County Court directing the County Clerk to issue the tax deed." Ill. Rev. Stat. 1961, chap. 120, par. 747.

As we said in *Cherin* v. *The R. & C. Company,* 11 Ill.2d 447, 454-455:

"The county court had jurisdiction of the subject matter and acquired jurisdiction of the land in question in this proceeding by publication in the county collector's application for judgment and sale of delinquent lands, and retained jurisdiction to enter order for issuance of deed and writ of assistance, upon proof of notice as provided in section 263 of the Revenue Act. (Ill. Rev. Stat. 1955, chap. 120, par. 744.) The legislature gave the county court the same jurisdiction to hear and determine supplemental proceedings as in tax foreclosure proceedings. (*People* v. *Altman,* 9 Ill.2d 277.) This jurisdiction was properly invoked in this case for a conclusive determination that respondent had done all things required by the statute to entitle it to a tax deed.

\* \* \*

"It was the purpose of the legislature to provide a method for obtaining merchantable tax titles. This end is attained by adjudging the conclusive effect of the county court's determination. This construction of the statute in question conforms to the legislative admonition that 'This section shall be liberally construed so that tax deeds herein provided for shall convey merchantable title.' Ill. Rev. Stat. 1955, chap. 120, par. 747."

If we were to hold otherwise, we would abrogate the efficacy of the 1951 amendments to the Revenue Act, and would defeat the desired conclusiveness of the county court's order for the issuance of a tax deed. The consequent effect upon the merchantability of tax titles would place the annual tax sale in the same status as existed before the 1951 amendments and which the legislature intended to change. See *Cherin* v. *The R. & C. Company,* 11 Ill.2d 447, and *Shuck* v. *Guarantee Bank and Trust Co.* 26 Ill.2d 123.

It is unfortunate that Urban was not personally served with notice of the application for a tax deed, but under the circumstances of this case, it is clear that he had full knowledge of the tax-sale proceedings, and the failure to redeem

was not occasioned by the lack of notice, but by his lack of funds. *Cf. People* v. *Orth,* 21 Ill.2d 205; *People* v. *O'Keefe* 18 Ill.2d 386.

Because of the informal nature of the application for a tax deed, the existence of an opportunity for fraud must be conceded. This is especially true when the testimony relating to service is based upon an *ex parte* affidavit. This opportunity can, however, be remedied by diligent cross-examination by the State's Attorney, and the clear availability of relief under section 72. However, in the absence of fraud we must consider the order of the county court as conclusive. It, therefore, follows that the county court erred in vacating its prior orders for the issuance of tax deeds.

The Taxpayers Federation of Illinois has filed with leave of court a brief as *amicus curiae* in which they urge reversal of the judgment of the trial court and suggest that petitioner's allegations of fraud were not pleaded with sufficient particularity. While it is well settled that ordinarily an allegation of fraud must set forth the facts upon which the allegation is based (*Knaus* v. *Chicago Title and Trust Co.* 365 Ill. 588), we do not consider the sufficiency of the petition to vacate is properly before us on this appeal, and therefore we decline to express an opinion on that point.

As a result of the foregoing conclusions, the judgment of the county court of Cook County vacating its prior orders for the issuance of tax deeds is reversed.

*Judgment reversed.*