*In re* APPLICATION OF THE COUNTY COLLECTOR.—(EDNA MAE AVISE, Petitioner-Appellee, *v.* TAX PROPERTIES CORPORATION *et al.*, Respondents-Appellants.)

(No. 74-177; )

Third District—March 14, 1975.

J. Michael Mathis, of Peoria, for appellants.

Vilas C. Rice, of Carthage, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

This appeal is taken from a circuit court order setting aside a tax deed. Petitioner, a resident of San Diego, California, owned an improved residential lot in Dallas City, Illinois. In 1964 she contracted to sell this property to Frank Gilpin, and an instrument evidencing the contract, but entitled "Warranty Deed," was recorded. In 1969 respondent purchased the property at a delinquent tax sale and on June 27, 1972, petitioned for issuance of a tax deed. Notice of the expiration of the redemption period was served upon Gilpin and his son, Joe Gilpin, who were occupants of the premises in question, and upon a lienholder. After a hearing on respondent's application, the court ordered issuance of the tax deed to respondent on January 24, 1973. In June of 1973, petitioner terminated the 1964 sales contract with Gilpin and agreed to lease the premises to him. Immediately upon discovery of the tax sale and deed, petitioner, on June 12, 1973, petitioned to set aside the tax deed, and after a hearing the court so ordered. The court made specific findings, including (1) that respondent had notice of petitioner's interest in the property by reason of the 1964 instrument of record and also by reason of other records in the collector's office; (2) that respondent made no inquiry to find petitioner within the county; (3) that such failure to make inquiry constituted fraud; and (4) that had these facts been brought to the attention of the court at the time of entry of the order for tax deed, the order would not have been entered.

Respondent contends that there was no evidence of fraud to support the finding of the trial court and, in any event, that service of notice on the occupant was sufficient service on the owner under section 263 of the Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, par. 744). We are persuaded that the order of the circuit court was correct.

The first question presented for our consideration is whether there is sufficient evidence in the record to sustain the finding that respondent's failure to make any attempt to locate petitioner amounted to fraud.

The relevant portions of section 263 of the Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, par. 744) are as follows:

> "A purchaser or assignee shall not be entitled to a tax deed to the premises sold unless not less than 3 months nor more than 5 months prior to the expiration of the period of redemption he shall give notice of the sale and the date of expiration of the

period of redemption to the owners, occupants and parties interested in the premises.

\* \* \*

If any owner or party interested *upon diligent inquiry and effort* cannot be found and served with notice as herein provided in the county, and the person in actual occupancy and possession is tenant to, or in possession under the owners or the parties interested therein, then service of notice upon the tenant, occupant or person in possession shall be deemed service upon the owners or parties interested." (Emphasis added.)

■■ It is well established that when more than 30 days have elapsed since issuance of a tax deed, it can be set aside only by proceedings under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72), and that in such proceedings the findings of the court cannot be attacked collaterally unless the record establishes fraud. *Zeve v. Levy*, 37 Ill.2d 404, 226 N.E.2d 620 (1967); *Dahlke v. Hawthorne, Lane & Co.*, 36 Ill.2d 241, 222 N.E.2d 465 (1966); *Urban v. Lois, Inc.*, 29 Ill.2d 542, 194 N.E.2d 294 (1963); *Cherin v. R. & C. Co.*, 11 Ill.2d 447, 143 N.E.2d 235 (1957).

At the time the order directing issuance of the tax deed was entered in the case at bar, the trial court expressly found that all notices required by law had been given. It is this finding that petitioner attacks, contending that she was the owner of record entitled to notice and that respondent's failure to make any effort to find and give her notice together with its failure to reveal petitioner's interest to the court at the time of its application for tax deed constituted fraud.

■■ The 1964 instrument of conveyance, filed with the county recorder and examined by an agent of respondent, was entitled "Warranty Deed" but on its face did not purport to convey fee simple title. Consideration was recited to be "Conditional Sale Contract and Five Hundred Dollars," and immediately below the legal description was a paragraph stating:

"Now at such time that the above Conditional Sales contract has been fully paid the Bank of Dallas City, at Dallas City, Illinois will convey to Frank L. Gilpin Sr. or his heirs a clear Warranty Deed and Abstract up to date from Escrow."

Without attempting to characterize this instrument, we agree with the determination of the trial court that it clearly gave notice of petitioner's interest in the property to respondent.

■■ Testimony in the trial court indicates that the failure to discover petitioner's interest from this instrument resulted from an oversight and was not an intentional act of deception. Nevertheless, section 263 of the Revenue Act required respondent to give notice to the owners, occupants

and parties interested in the premises. The same section of the Revenue Act also provides: "If any owner or party interested upon diligent inquiry and effort cannot be found and served with notice as herein provided in the county, then the purchaser or assignee shall send a copy of the notice by registered or certified mail, return receipt requested, to such party at his residence, if ascertainable." Petitioner was "an owner or party interested" under this statute, and respondent had a duty to give her notice. This respondent failed to do, and he further failed to make any inquiry as to petitioner's whereabouts, either with the occupant of the premises or with the Dallas City Bank that was holding petitioner's deed in escrow. Petitioner's San Diego address appeared on the recorded instrument, but no copy of the notice was mailed to petitioner. In addition, the record does not show that petitioner was given notice by publication.

■■ The Illinois Supreme Court has repeatedly been called upon to construe the tax-deed provisions of the Revenue Act as amended in 1951. In its decisions, the court has sought to carry out the express legislative intent that a tax deed conveys merchantable title and has upheld the validity of tax deeds under varying circumstances (see *Zeve v. Levy* and cases cited therein). In those cases where the owner does not receive notice of the tax sale prior to the expiration of the redemption period, the court has ruled that the tax purchaser's "failure to attain knowledge concerning certain facts is not necessarily indicative of a lack of diligent inquiry [citation]; and, even if a more persistent effort could have been made in the conduct of the search and inquiry, this is not proof of fraud unless there exists evidence of wrongful intent or a deceptive design [citation]." *Exline v. Weldon*, 57 Ill.2d 105, 110, 311 N.E.2d 102, 105 (1974); *Zeve v. Levy; Dahlke v. Hawthorne, Lane & Co.* In *Exline, Zeve* and *Dahlke*, the tax purchaser had made some effort to find the owner, such as making inquiry of the occupant of the premises (*Zeve* and *Dahlke*), checking a telephone directly (*Exline*), mailing notices (*Zeve*), and in each case the owner was served by publication. The failure to do more was held not sufficient to establish fraud. We believe the case before us must be distinguished from the preceding cases because here the respondent failed to make any effort to find the owner, and thus made no attempt to comply with statutory procedure. Construction of the Revenue Act as favoring validity of tax deeds once they have been issued is not synonymous with disregard of statutory procedure prior to their issuance. *In re Application of County Collector*, 18 Ill.App.3d 272, 309 N.E.2d 722 (1st Dist. 1974).

In *Exline v. Weldon*, the owners of the property had purchased a vacant lot in Lake County in January, 1966, and the deed was recorded.

The property was sold for taxes in November, 1967, and the tax purchaser obtained a tax deed in December, 1969. Although the tax purchaser served the owners notice by publication, he did not reveal the owners' existence to the court issuing the tax deed but instead testified that:

> "A diligent search was made for parties interested in said property in Lake County, Illinois in the various telephone books, city directories, and voting lists, in an attempt to locate them. Interested parties were found in the County Records Office." (57 Ill. 2d 105, 106.)

Further testimony indicated that the owners lived in Cook County and that no inquiry was made of the notary public to whom the owners' deed was to be sent after recording. The supreme court reversed the circuit court order vacating the tax deed and held that the owners had failed to meet the burden of establishing the invalidity of the tax deed. The court stated that section 263 of the Revenue Act "* * * makes no mention of the necessity of diligent inquiry where the owners, who cannot be located, do not reside within the county where the property is situated, as here." (57 Ill.2d 105, 108-09.) The court then noted that while the statute did not speak to the standard of inquiry required, "* * * some degree of investigation may be necessitated dependent upon the circumstances of each case * * *." 57 Ill.2d 105, 109.

■■ We think it significant that a 1971 amendment to section 263 in the paragraph dealing with notice to nonresident owners who cannot be located inserted the words "upon diligent inquiry and effort." (See complete quotation from section 263.) The tax deed in the *Exline* case was issued prior to this amendment while the tax deed proceeding in the case before us occurred after the amendment. Obviously the legislature intended to define the standard of inquiry required where the owners are not residents of the county where the property is located, and we believe the language "upon diligent inquiry and effort" requires more investigation on the part of the tax purchaser than was undertaken in the case before us. Here the respondent made no inquiry or search for petitioner, in derogation of a statutory duty, and we find that the circuit court correctly held that this conduct was sufficient to establish fraud.

■■ Another circumstance was found by the trial court to constitute fraud. An entry in the county collector's Tax Register D showed that petitioner redeemed this property on October 27, 1972, from a sale for nonpayment of 1971 taxes. Respondent's agent testified that he saw that entry in the Tax Register when he examined it prior to the January 24, 1973, hearing on the application for a tax deed, but that he dis-

regarded petitioner's redemption because "It wasn't germane to me." The deadline for redemption from the 1969 tax sale was October 19, 1972. Respondent's agent did not disclose his knowledge of petitioner's redemption at the hearing, although he did testify that he had personally checked the collector's books to determine that all taxes since 1969 had been paid. We are not persuaded that the failure to disclose petitioner's redemption was alone sufficient to establish fraud, but it was one of the circumstances of this case properly taken into consideration by the trial court.

■■ The trial court also relied on the fact that the property in question had been assessed for 1971 taxes in the name of "Frank L. Avise, Jr." as owner. The name of petitioner's husband was James Frank Avise. Prior to the 1971 amendment to section 263, the applicant for a tax deed was required to give notice to the most recent person assessed for taxes, which in this case was Frank Gilpin who was assessed in 1969, 1970 and 1972. In 1971 the provision for notice to the most recent assessee was deleted from section 263, and thus respondent was not required to check the assessment record. Consequently, the intervening 1971 assessment could not have been notice to respondent of petitioner's interest, and should not have been considered as a fact in support of the finding of fraud.

■■ Respondent urges as an affirmative defense that under the provisions of section 263 of the Revenue Act, service on Gilpin, who was "the person * * * in possession under the owners or the parties interested therein," was sufficient service on petitioner who could not have been found and served within the county in any event. We believe the plain language of the statute permits such substitute service on the occupant only after "diligent inquiry and effort" to find the owner. In this case, no effort or inquiry of any kind was made; therefore, substitute service was not adequate.

After considering all the evidence in this case, we hold that the findings of the circuit court were not against the manifest weight of the evidence, and that the order of the court should be affirmed.

■■ The appellant (respondent) did not include the trial court order appealed from in the abstract of record, as required by Supreme Court Rule 342 (Ill. Rev. Stat. 1971, ch. 110A, par. 342). Although we have not elected to dispose of the appeal on that ground in this instance, such a deficiency does subject the appeal to an order of dismissal. *Shaw v. Kronst*, 9 Ill.App.3d 807, 293 N.E.2d 153 (5th Dist. 1973).

Judgment affirmed.

ALLOY, P. J., and BARRY, J., concur.