*In re* APPLICATION OF COUNTY TREASURER OF DU PAGE COUNTY.— (ATLANTIC MUNICIPAL CORPORATION, Petitioner-Appellant, *v.* WILLIAM S. McGUIRK *et al.*, Appellees.)

Second District   No. 79-361

Opinion filed June 2, 1980.—Rehearing denied June 30, 1980.

David R. Gray, of Chicago, for appellant.

Kenneth Moy, of Elmhurst, for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

The Atlantic Municipal Corporation (tax purchaser) appeals from an order which granted the petition of William and Ellaven McGuirk (tax delinquents) under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72) and vacated an order directing the issuance of a tax deed to Atlantic for the McGuirks' property. We affirm the ruling of the trial court.

The McGuirks owned real estate in Elmhurst which was sold on December 5, 1975, for unpaid 1974 general taxes at the annual tax sale held by Du Page County. The period for redemption would normally have expired June 5, 1978, but was extended at tax purchaser's request to

November 10, 1978, pursuant to section 263 of the Revenue Act of 1939 (Ill. Rev. Stat. 1977, ch. 120, par. 744). A petition for tax deed was filed on June 12, 1978, by Atlantic's predecessor in interest, and the McGuirks were served as owners with notice on June 22, 1978, that a petition for a tax deed had been filed, that the redemption period would expire November 10, and that the matter was set for a hearing for issuance of a tax deed on November 17, 1978.

As alleged in the section 72 petition, Mrs. McGuirk made an inquiry by telephone and talked with an employee of the county clerk's office on November 9, 1978, who informed her that it would be sufficient if redemption funds were mailed and postmarked no later than November 10. Mrs. McGuirk then obtained a cashier's check in the amount of the delinquent tax, payable to the order of the county treasurer, and entered the notation "Tax Deed No. C75-6/6 TD-32" in the lower margin of the face of the check. She then mailed the check in an envelope addressed to the Du Page County treasurer. The envelope was postmarked November 10, 1978, and, although the record does not conclusively establish when the office of the county clerk received the check, it was deposited in a bank by the county clerk on November 17, 1978.

The McGuirks did not appear for the November 17 hearing. Counsel for the tax purchaser informed the trial court that a redemption had been attempted but that it was invalid because the county clerk had not actually received the money until November 16, after the statutory redemption period had expired. After a short hearing, consisting primarily of tax purchaser's counsel detailing its compliance with the statutory requirements, the trial court ordered the issuance of a tax deed to the property in question.

On March 2, 1979, the tax delinquents filed a section 72 petition to vacate the judgment. It alleged the circumstances of the attempted redemption; that the tax delinquents were unaware that the November 17 hearing would take place since they were informed their redemption was complete; and that because a valid redemption had been processed, the court lacked jurisdiction to order the issuance of a tax deed. In its answer tax purchaser admitted having advised the court that redemption had been attempted but was invalid, but suggested it could not have known the deposit was effectively processed until the certificate of deposit for redemption was processed about January 2, 1979. Tax purchaser further defended on the ground the tax delinquents failed to allege fraud in their amended petition, and that they demonstrated a lack of diligence in their late tender of payment for redemption and in neither appearing for the November 17 hearing nor appealing directly from that judgment.

A full hearing was held April 19, 1979, on the amended petition. The trial court expressly found that there was no fraud in the procurement of

the order directing the issuance of a tax deed, but granted the petition "due to language [?illegible] of a purported redemption."

The first issue we consider is whether the tax delinquents exercised due diligence and alleged a meritorious defense as required for the granting of their section 72 petition.

The general standards governing section 72 petitions are well established, and were set out in *National Industries Inc. v. Howard* (1977), 54 Ill. App. 3d 416, 369 N.E.2d 597, and *Lutz v. Lutz* (1977), 55 Ill. App. 3d 967, 371 N.E.2d 348. The petition invokes the court's equitable power to vacate a default judgment attended by unfair, unjust or unconscionable circumstances; relief is allowed when the petitioner shows that he was diligent in protecting his rights and that he has a meritorious defense.

■■ We find those criteria to be met in the present case. Tax delinquents failed to attend the November 17 hearing despite having received notice thereof, but according to Mrs. McGuirk's testimony during the section 72 hearing the reason was their understanding that they had successfully redeemed the property and that therefore the hearing would not be held. They had no notice to the contrary before the 30-day period for filing notice of appeal expired (Ill. Rev. Stat. 1977, ch. 110A, par. 303) and, indeed, received a redemption certificate about January 2, 1979, about two weeks after expiration of that period. On these facts we see no failure by the tax delinquents to exercise due diligence.

The meritorious defense alleged by the tax delinquents is that they redeemed the property in a timely fashion. The tax purchaser argues that ·the existence of a meritorious defense has not been demonstrated, and contends payment by the tax delinquents to the county treasurer rather than the county clerk, received by the clerk's office after expiration of the redemption period, was not an effective redemption.

Section 266 of the Revenue Act of 1939 (Ill. Rev. Stat. 1977, ch. 120, par. 747) provides in part that tax deeds issued pursuant to that section are incontestable except by direct appeal from the order directing such issuance, or by a section 72 petition. The legislative intent of section 266 is to give effect to the strong policy favoring the validity of tax deeds once issued and to assure merchantability of tax titles. (*Cherin v. The R. & C. Co.* (1957), 11 Ill. 2d 447, 143 N.E.2d 235; *Urban v. Lois, Inc.* (1963), 29 Ill. 2d 542, 194 N.E.2d 294.) There is, however, a competing policy in favor of liberal construction of the right to redeem (*Franzen v. Donichy* (1956), 9 Ill. 2d 382, 137 N.E.2d 825; *In re Application of County Treasurer* (1974), 16 Ill. App. 3d 385, 306 N.E.2d 743), where, as here, no injury would result to the tax purchaser.

■■ Section 1.25 of "An Act to revise the law in relation to the construction of the statutes" (Ill. Rev. Stat. 1977, ch. 131, par. 1.25)

provides that payments made to the State, or political subdivisions thereof, "if transmitted through the United States mail, shall be deemed filed with or received * * * on the date shown by the post office cancellation mark * * * ." The tax purchaser suggested in oral argument that counties may not be "political subdivision;" however, we find to the contrary that payments to counties fall well within the purview of the statute. (See *Clare v. Bell* (1941), 378 Ill. 128, 37 N.E.2d 812.) Thus a redemption payment mailed and postmarked, as in this case, on the last day of the redemption period is timely.

■■ We note that the payment in this case was made to the county treasurer rather than the county clerk, contrary to section 253 of the Revenue Act of 1939 (Ill. Rev. Stat. 1977, ch. 120, par. 734). The mistaken address was not so incorrect, however, as to significantly delay delivery of the check to the proper office, and the notation entered by Mrs. McGuirk on the face of the check did alert the treasurer's office as to the purpose of the payment. Under the circumstances of this case we view this failure to strictly conform with the statutory requirements as a reasonable mistake having no effect on the validity of the redemption. This is particularly so in light of testimony by the Du Page County chief deputy county clerk, during the hearing of the section 72 petition, that redemption checks are generally made payable to the county collector. A county treasurer is, *ex officio*, the county collector. Ill. Rev. Stat. 1977, ch. 120, par. 657.

We therefore find tax delinquents have alleged a meritorious defense. The trial court's ruling is consistent with the evidence and does not reflect an abuse of discretion. *Hogan & Farwell, Inc. v. Meitz* (1976), 45 Ill. App. 3d 216, 359 N.E.2d 740.

The next question we address is whether in addition to proof of due diligence and a meritorious defense, the tax delinquents should have alleged fraud on the part of the tax purchasers. The tax purchaser argues that an order for the issuance of a tax deed cannot be vacated under section 72 absent such allegation of fraud. In support of this conclusion, tax purchaser has cited, *inter alia, Smith v. D.R.G., Inc.* (1976), 63 Ill. 2d 31, 344 N.E.2d 468; *Urban v. Lois, Inc.* (1963), 29 Ill. 2d 542, 194 N.E.2d 294; *In re Application of County Treasurer* (1978), 67 Ill. App. 3d 122, 384 N.E.2d 729; *Exline v. Weldon* (1974), 57 Ill. 2d 105, 311 N.E.2d 102.

Section 266 of the Revenue Act of 1939 provides in part:
> "Tax deeds issued pursuant to this Section are incontestable except by appeal from the order of the court directing the county clerk to issue the tax deed. However, relief from such order may be had under Section 72 of the 'Civil Practice Act', approved June 23, 1933, as heretofore or hereafter amended, *in the same manner, upon the same grounds and to the same extent as may be had*

*under that Section with respect to final orders, and judgments in other proceedings."* (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 120, par. 747.)

Section 72 of the Civil Practice Act has a similar provision:

"All relief heretofore obtainable and the grounds for such relief heretofore available, whether by any of the foregoing remedies or otherwise, shall be available in every case, by proceedings hereunder, regardless of the nature of the order or judgment from which relief is sought or of the proceedings in which it was entered. *There shall be no distinction between actions and other proceedings, statutory or otherwise, as to availability of relief, grounds for relief or the relief obtainable."* (Emphasis added.) Ill. Rev. Stat. 1977, ch. 110, par. 72(1).

The decisions relied on by tax purchaser have broadly held that "[i]t has been well established in tax-deed proceedings that section 72 cannot be used as a vehicle to relitigate any issue already passed on by the trial court, in the absence of fraud." (*E.g., Urban v. Lois, Inc.* (1963), 29 Ill. 2d 542, 548, 194 N.E.2d 294.) Tax purchaser asserts, in essence, that the issue of redemption was litigated in its favor; that tax delinquents' section 72 petition fails to allege fraud on its part; and it correctly points out that the trial court in ruling on the section 72 petition specifically found "no fraud in procuring the order directing issuance of the Tax Deed."

It would indeed appear that our supreme court has flatly restricted in all tax deed cases the grounds for relief under section 72, presumably to give effect to the express legislative policy that section 266 of the Revenue Act of 1939 be liberally construed so that tax deeds shall convey merchantable title (Ill. Rev. Stat. 1977, ch. 120, par. 747). The decisions relied on by the tax purchaser cannot, however, be understood in a factual vacuum. A closer examination reveals that they are all cases wherein no redemption was effected or attempted; all involved a challenge to the jurisdiction of the court which ordered the issuance of a tax deed, on the ground the section 72 petitioners had insufficient notice of the proceedings. Without exception the decisions ran against the tax delinquents because the reviewing courts found the tax purchasers' mere failure to seek out the tax delinquents more diligently was not tantamount to fraud. Neither the briefs filed in the present case nor our own research had disclosed any prior case where the challenge was brought on the ground of a valid redemption.

■■ In light of the policy favoring liberal construction of the right to redeem (*Franzen v. Donichy* (1956), 9 Ill. 2d 382, 137 N.E.2d 825; *In re Application of the County Treasurer* (1973), 16 Ill. App. 3d 385, 306 N.E.2d 743), we do not believe the requirement of an allegation of fraud

may be extended beyond the type of circumstances encountered in the cases which have so held, and we therefore decline to inject that requirement into the present case.

■■ The tax purchaser has suggested, in oral argument, that the sole remedy available to the tax delinquents in this case is recovery from the indemnity fund established by section 247a of the Revenue Act of 1939, which provides in part:

> "(4) Any owner of real estate sold pursuant to any provision of this Act at a sale held subsequent to September 1, 1970, who without fault or negligence of his own sustains loss or damage by reason of the issuance of a tax deed pursuant to Sections 266 or 266a, and who is barred or in any way precluded from bringing an action for the recovery of such real estate has the right to indemnity for the loss or damage sustained." (Ill. Rev. Stat. 1977, ch. 120, par. 728a.)

In view of our decision that the tax delinquents have made a sufficient showing to warrant section 72 relief, this statutory provision is inapplicable to the case at bar.

The order of the Circuit Court of Du Page County is affirmed.

Affirmed.

LINDBERG and VAN DEUSEN, JJ., concur.